UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
|    ANITA IVISON, | § | CASE NO. 13-37732-H5-7 |
|    DEBTOR | § | (Chapter 7) |
| _____ | § | |
|    JAMES IVISON, | § | CASE NO. 13-37740-H3-7 |
|    DEBTOR | § | (Chapter 7) |
| _____ | § | |
|    SPECIALIZED HYDRAULIC, | § | CASE NO. 14-30487 |
|    SERVICES, INC., DEBTOR | § | (Chapter 7) |
| _____ | § | |
| ANITA IVISON a/k/a ANITA KANZLER et al. | § | |
|    Plaintiffs | § | Consolidated |
| v. | § | Adversary No. 15-03001 |
| | § | |
| UNITED STATES OF AMERICA (IRS), | § | |
|    Defendant | § | |
| | § | |

**EMERGENCY MOTION TO SELL RESIDENCE AND
FOR DEPOSIT OF FUNDS INTO COURT REGISTRY**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED

RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE LETITIA Z. PAUL.**
**UNITED STATES BANKRUPTCY JUDGE:**

James Ivison, one of the Debtors and Plaintiffs in the above-captioned proceedings (hereinafter, referred to as "Ivison"), files this Emergency Motion to Sell Residence and for Deposit of Funds into Court Registry (the "Motion"), and in support thereof, shows:

1. Ivison owns certain real property commonly known as 20610 Palm Rain Court, Katy, Tx 77449 (the "Property"), which is a part of his bankruptcy estate. The Property was Ivison's homestead property[1], and is subject to a mortgage lien with Nationstar Mortgage, a creditor in Ivison's main bankruptcy case No. 13-37740, as well as being subject to sizable federal tax liens.

2. An offer has been made to purchase the Property; and the prospective buyers have arranged for third-party financing. However, the closing of the sale of the Property cannot occur without Court approval of the sale and unless the Internal Revenue Service ("IRS") agrees to release the tax liens against the Property so that it may sell.

3. The IRS tax liens relate to Ivison's ownership of a corporation: related party debtor Specialized Hydraulic Services, Inc., whose Chapter 7 case is pending before Judge David R. Jones in Case No. 14-30487.

---

[1] The Property at the time of the commencement of Ivison's bankruptcy case was his homestead property, but inadvertently was not listed on his bankruptcy schedules as exempt property. Concurrently, Ivison has amended his schedule C to claim the property as his exempt homestead property. The Property is subject to pre-bankruptcy IRS tax liens which far exceed the value of the Property, as well as being subject to a first lien mortgage with Nationstar Mortgage.

4. Ivison, together with his former wife, Anita Ivison and SHS, instituted the consolidated adversary proceeding, Case No. 15-03001 (the "Adversary"), for a determination of all three debtors' respective tax liabilities with the IRS.[2]

5. Ivison's counsel attempted to negotiate terms with the IRS, through its counsel, so that the liens may be released and all of the proceeds from the sale in the estimated amount of $79,413.71 may be deposited into the registry of the court. The settlement statement prepared by the title company is attached hereto as Exhibit 1 and incorporated herein.

6. Counsel for the IRS is on extended holiday through mid-January, and may be unable to respond in a timely fashion so that the sale may proceed.

7. Upon information and belief, the buyers will lose their financing commitment if the sale of the Property does not close promptly, within the next two weeks.

8. It is undisputed that Nationstar Mortgage holds a first lien against the Property in the estimated payoff amount of $113,850.53, and the IRS holds tax liens against Ivison in the amount of $308,750.87 and $566,281.77, as reflected on Exhibit 2 attached hereto. The amount of the IRS tax liens far exceed the estimated net proceeds.

9. Ivison disputes the amount of the tax liens shown on Exhibit 2, which are the subject of the Adversary proceeding. Accordingly, Ivison requests that the Court order the net proceeds from the sale of the Property to be deposited into the registry of the court pending further court order, so that the proceeds may be properly applied to the tax liabilities and tax periods as determined to be owed by Ivison in the Adversary proceeding.

---

[2]Three separate adversary proceedings were commenced in each debtor's respective bankruptcy case, and consolidated into Adversary Case No. 15-03001, currently pending before Judge Karen K. Brown.

WHEREFORE, James Ivison, debtor, requests that the Court enter the proposed order submitted herewith for the title company to disburse the proceeds of the sale of the Property to the clerk of the Court to be held pending further order of this Court, and to grant Ivison such other relief as is just.

Respectfully submitted,

Law Office of C. Zan Pritchard, PLLC

/s/ C. Zan Pritchard
C. Zan Pritchard
TSB No. 24028084, SDT No. 28897
2002 Saddlehorn Trail
Katy, TX 77494
Tel.  832-304-2248; Fax 832-260-067
zpritchard@zanpritchardlaw.com
**ATTORNEY FOR JAMES IVISON**

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing pleading has been served by electronic notification or facsimile or regular mail by depositing same, postage prepaid, in the custody of the United States Postal Service, on 28th day of December, 2015, to the parties as shown on the attached service list.

/s/   C. Zan Pritchard
C. Zan Pritchard

## Service List

Office of the U.S. Trustee
515 Rusk, Ste 3516
Houston, TX 77002

*Via CM/ECF*
Janet S. Casciato-Northrup
Chapter 7 Trustee

*Via CM/ECF*
Randy Williams
Chapter 7 Trustee

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Anita Ivison
16622 Whitaker Creek Dr.
Houston, TX 77095

James Ivison
1450 Moffet Road
Clute, TX 77531

Specialized Hydraulic Services, Inc.
*Via CM/ECF*
c/o Randy Williams
Chapter 7 Trustee

Nationstar Mortgage
PO Box 619063
Dallas, TX 75261-9063

Charles L. Kennon, III
Weinstein & Riley, PS
6785-4 S. Eastern Ave.
Las Vegas, NV 89119