

ENTERED
05/29/2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| **ANITA IVISON** § | CASE NO: 13-37732 | |
| Debtor § | | |
| § | CHAPTER 7 | |
| § | | |
| **ANITA IVISON; aka KANZLER,** *et al* § | | |
| Plaintiffs § | | |
| § | | |
| VS. § | ADVERSARY NO. 15-3001 | |
| § | | |
| **INTERNAL REVENUE SERVICE,** § | | |
| **UNITED STATES OF AMERICA,** *et al* § | | |
| Defendants § | Judge Eduardo V. Rodriguez | |

### AMENDED MEMORANDUM OPINION
*Resolving ECF No. 133*

"In a bankruptcy case, interest is the tail of the dog, but it is a long tail and it wags a lot."[1] Pending before the Court is the Internal Revenue Service United States of America, and the United States of America (IRS)'s (hereinafter referred to as "*IRS*") Motion to Correct, Alter, or Amend Final Judgment ("*Motion*").[2] As detailed infra, the Court finds IRS' Motion proper, and the Memorandum Opinion[3] is amended as follows.

### I.   FINDINGS OF FACT

This Amended Memorandum Opinion adopts and incorporates the Court's Memorandum Opinion,[4] except to the extent it is specifically delineated here. On April 23, 2020, the Court entered Judgment against Anita Ivison[5] and James Ivison ("*Plaintiffs*").[6] The Court's Judgment

---

[1] Dean Pawlowic, *Entitlement to Interest Under the Bankruptcy Code*, 12 BANKR. DEV. J. 149, 150 (1995).
[2] ECF No. 133.
[3] ECF No. 129.
[4] *Id.*
[5] Now known as Anita Craymer, but for purposes of this Amended Memorandum Opinion will be identified as Anita Ivison.
[6] ECF No. 130.

determined Plaintiffs' nondischargeable priority tax liabilities, and held that said liabilities are subject to the federal postjudgment interest rate of 0.22%.[7] On April 28, 2020, the IRS filed its Motion requesting that the Court amend its Judgment pursuant to Federal Rule of Civil Procedure 59(e) to account for interest on Plaintiffs' determined tax liabilities.[8] No response was filed by Plaintiffs.

## II.   CONCLUSIONS OF LAW

a.   **Jurisdiction, Venue, and Constitutional Authority to Enter a Final Order**

The Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012-6.[9] The determination and dischargeability of Plaintiffs' tax liabilities constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). Therefore, the Court holds constitutional authority to enter appropriate orders and judgments.[10] Lastly, venue is governed by 28 U.S.C. §§ 1408, 1409. Venue is proper because the Court presided over the underlying bankruptcy cases.

b.   **Rule 59(e)**

The IRS' Motion is brought pursuant to Federal Rule of Bankruptcy Procedure 9023, which gives Federal Rule of Civil Procedure 59 direct application to bankruptcy cases. Rule 59 provides grounds for postjudgment renewal, and governs motions to alter or amend a final judgment.[11] A Rule 59(e) motion to alter or amend only applies to final judgments, and must be filed no later than 28 days after the entry of judgment.[12]

Here, the IRS' Motion was filed on April 28, 2020—five days after the Court entered

---

[7] *See id.*
[8] *See* ECF No. 133.
[9] *In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[10] *Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015); *Stern v. Marshall*, 564 U.S. 462 (2011).
[11] *See generally* FED. R. CIV. P. 59.
[12] *See* FED. R. CIV. P. 59(e); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

Judgment—requesting the Court to amend its Judgment pursuant to Rule 59(e).[13]  Thus procedurally the Motion is proper, and the Court now turns to the issues presented.

**c.      Interest Calculated**

The first issue is whether interest is appropriate with respect to nondischargeable priority tax liabilities in chapter 7 proceedings.  It is generally accepted that applicable nonbankruptcy law determines the right to, and the rate of prepetition interest.  While postpetition interest is generally not allowed,[14] the Supreme Court has held that postpetition interest on a nondischarged tax debt remains the personal liability of debtor after bankruptcy.[15]  In *Bruning*, debtor paid the IRS only a portion of the taxes owed.[16]  Following debtor's discharge in bankruptcy, the IRS attempted to collect the balance of its assessment, which included interest that accrued during bankruptcy.[17]  While debtor argued that he was not liable for interest which accrued after the petition was filed, the Supreme Court disagreed, thus establishing the *Bruning* Rule.[18]  Here, just as in *Bruning*, because Debtors' tax liabilities are nondischargeable, Debtors are similarly liable for both prepetition interest, and postpetition interest that accrued during bankruptcy.  The issue then becomes what the appropriate interest rate is.

Section 511 establishes that payment of interest on a tax claim shall be the rate determined under applicable nonbankruptcy law.[19]  As the Court's Judgment exclusively dealt with Plaintiffs' nondischargeable priority tax debt, the IRS is benefitted by a specific statute at 26 U.S.C. § 6621(a)(2).[20]  Regarding underpayment of tax debts—as is the case here—§

---

[13] *Compare* ECF No. 130 *with* ECF No. 133.
[14] *See* 11 U.S.C. § 502(b)(2).
[15] *See Bruning v. United States*, 376 U.S. 358, 363 (1964).
[16] *See id*.
[17] *See id*.
[18] *See id.*; *Matter of Johnson*, 146 F.3d 252 (5th Cir. 1998) (holding that the *Bruning* rule still applies).
[19] 11 U.S.C. § 511.
[20] *See also* 28 U.S.C. § 1961(c)(1) (holding that § 6621 applies to txternal revenue tax cases).

6621(a)(2) establishes the interest rate as the federal short term rate plus 3 percentage points.[21] Subsection (b) of § 6621 states that the federal short-term interest rate on a federal tax delinquency is determined by the Secretary.[22] Interest with respect to unpaid federal taxes is compounded daily, and accrues at a quarterly rate under §§ 6621, 6622.[23] Section 6621(a)(2) is the appropriate statute to call upon in determining the applicable interest rate in this case. As such, Plaintiffs' nondischargeable tax debts are subject to the interest rates pursuant to 26 U.S.C. § 6621. Lastly, the Court must find when interest began accruing.

Under the Internal Revenue Code, any amount of tax not paid on or before the last date prescribed for payment shall thenceforth have interest accruing until paid.[24] Here, the IRS provided that the date assessed for Plaintiffs' aggregate Trust Fund Recovery Penalty liability for the tax quarters ending March 31, 2011, June 30, 2012, September 30, 2012, and March 31, 2013 through December 31, 2013 was August 4, 2014.[25] The IRS also provided that the date assessed for James Ivison's and Anita Ivison's 2011 Form 1040 Individual Income Tax liability was November 4, 2013,[26] and the date assessed for Anita Ivison's 2012 Form 1040 Individual Income Tax liability was April 15, 2013, which was the due date of her 2012 return.

An assessment by the IRS is an administrative determination that fixes tax liability upon a taxpayer, and establishes a prima facie case of tax liability.[27] The assessment date is when the tax lien comes into existence, and is the date the statute of limitations on collections begin to

---

[21] 26 U.S.C. § 6621(a)(2).
[22] 26 U.S.C. § 6621(b).
[23] See 26 U.S.C. §§ 6621, 6622.
[24] See 26 U.S.C. § 6601.
[25] See Defs.' Exs. 9, 11.
[26] See Defs.' Ex. 35.
[27] *Farnsworth & Chambers Co., Inc. v. Phinney*, 178 F. Supp. 330 (S.D. Tex. 1959), *aff'd*, 279 F.2d 538 (5th Cir. 1960); *Kurio v. United States*, 281 F. Supp. 252, 255 n.5 (S.D. Tex. 1968); *Bull v. United States*, 295 U.S. 247, 260 (1935).

run.[28] Because the assessment dates established when Plaintiffs' tax liens came into existence, the Court finds that interest began accruing upon the assessment dates. However, based on the IRS' failure to provide evidence or calculations as to what Plaintiffs' alleged interest accruals or unassessed accruals actually were, the Court abstains from determining the exact amounts of said accruals.

As such, the Court's Memorandum Opinion and Judgment are amended only to: (1) omit the reference of the 0.22% federal judgment interest rate; (2) include the date of assessment and accrual date; and (3) to include interest at the rate provided in 26 U.S.C. § 6621, until paid.

### III. CONCLUSION

Pending before the Court is the IRS' Motion. The Court holds that:

1. James Ivison's aggregate Trust Fund Recovery Penalty liability for the tax quarters ending March 31, 2011, June 30, 2012, September 30, 2012, and March 31, 2013 through December 31, 2013:
   a. is determined to be $566,373.77;
   b. is nondischargeable pursuant to 11 U.S.C. § 523(a); and
   c. was assessed, and began accruing interest on August 4, 2014.

2. James Ivison's 2011 Form 1040 Individual Income Tax Liability:
   a. is determined to be $308,750.87;
   b. is nondischargeable pursuant to 11 U.S.C. § 523(a); and
   c. was assessed, and began accruing interest on November 4, 2013.

3. Anita Ivison's aggregate Trust Fund Recovery Penalty liability for the tax quarters ending March 31, 2011, June 30, 2012, September 30, 2012, and March 31, 2013 through December 31, 2013:
   a. is determined to be $566,303.77;
   b. is nondischargeable pursuant to 11 U.S.C. § 523(a); and
   c. was assessed, and began accruing interest on August 4, 2014.

4. Anita Ivison's 2011 Form 1040 Individual Income Tax Liability:
   a. is determined to be $308,750.87;
   b. is nondischargeable pursuant to 11 U.S.C. § 523(a); and
   c. was assessed, and began accruing interest on November 4, 2013.

---

[28] *See* 26 U.S.C. §§ 6322, 6502; *Prewitt v. United States*, 792 F.2d 1353 (5th Cir. 1986); *Sage v. United States*, 908 F.2d 18, 25 (5th Cir. 1990).

5. Anita Ivison's 2012 Form 1040 Individual Income Tax liability:
    a. is determined to be $6,238.00;
    b. is nondischargeable pursuant to 11 U.S.C. § 523(a); and
    c. was assessed, and began accruing interest on April 15, 2013.

6. Interest shall accrue at the rate provided in 26 U.S.C. § 6621.

An Amended Judgment consistent with this Amended Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 05/29/2020.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge